UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WESTERN BENEFIT SOLUTIONS, LLC, an Idaho limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>JOHN GUSTIN, an individual; MORETON INSURANCE OF IDAHO, INC., an Idaho corporation d/b/a MORETON & COMPANY; ELIZABETH SCHATTIN, an individual; FAST ENTERPRISES, L.L.C., a New York limited liability company,<br><br>Defendants. | Case No. 1:11-CV-00099-EJL-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

### INTRODUCTION

Pending before the Court is a motion to renew and motion to quash ("Motion") filed by Ada County, who was not a party to this now resolved lawsuit. The Motion has been fully briefed, and is ripe for review. The Court conducted a status conference regarding the Motion, and concluded no further hearings were necessary because written

**MEMORANDUM DECISION AND ORDER - 1**

transcripts of the hearings conducted by the state court judge were available to this Court.[1]

## BACKGROUND

On November 8, 2010, Western Benefit Solutions ("WBS"), the Plaintiff in this case, personally served Robert Perkins, Ada County[2] Purchasing Manager, with notice and a Deposition Subpoena Duces Tecum ("First Subpoena"). The First Subpoena sought "[a]ny and all Ada County emails and attachments thereto [which may pertain to the selection of Moreton as Ada County's human resource and benefits management broker] that contain any of the following terms and each of them; a. Moreton b. Gustin c. WBS." On December 2, 2010, WBS filed notice vacating the First Subpoena. On January 5, 2011, WBS personally served Mr. Perkins with another Subpoena Duces Tecum ("Renewed Subpoena"). Perkins Aff. ¶ 4. The Renewed Subpoena sought the same material as the First Subpoena.

On January 14, 2011, Ada County filed a motion to quash or modify and condition compliance with the Renewed Subpoena. Ada County asked the court, in part, to condition compliance with the Renewed Subpoena upon the advancement of the reasonable costs of production, pursuant to Idaho R. Civ. P. 45(b)(2). On February 3, 2011, WBS filed a motion for a nonsummary contempt proceeding against Ada County.

---

[1] The instant matter was referred to the undersigned magistrate judge for all non-dispositive pre-trial matters. (Dkt. 26.) Although the motion to renew the motion to quash was filed after the dismissal of the case, the matter involves a pre-trial non-dispositive discovery matter. Therefore, the Court concludes 28 U.S.C. § 636(b)(1)(A) grants the undersigned authority to issue an order regarding the motion. *See also* Fed. R. Civ. P. 72(a); *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 116 ("Matters concerning discovery generally are considered nondispositive of the litigation," including motions to quash third party subpoenas).

[2] Ada County is not a party to the instant lawsuit.

**MEMORANDUM DECISION AND ORDER - 2**

Judge Hansen, the presiding judge in the state district court, conducted a hearing on the two motions on February 22, 2011. During that hearing, the court granted Ada County's motion to modify the Renewed Subpoena, and found that WBS must pay Ada County the reasonable costs of production. The court set the matter for a further evidentiary hearing regarding what costs are included in "costs of production" under the applicable rules. The court ruled also that WBS's motion for nonsummary contempt proceeding was moot. Finally, the court directed Ada County to prepare a proposed order related to the ruling.

On March 3, 2011, WBS and Ada County presented oral arguments regarding "costs of production" under Idaho R. Civ. P. 45(b)(2). At the conclusion of those arguments, Judge Hansen took the case under advisement, stating that he preferred to issue a written decision rather than rule from the bench.

Ada County prepared and submitted a proposed order to the state court regarding Judge Hansen's first ruling. However, on March 11, 2011, this matter was removed to this Court before Judge Hansen could either approve the proposed order or issue a written ruling regarding what fell within the scope of the "costs of production" pursuant to the Renewed Subpoena.

The Motion to Quash was filed in this matter upon removal. (Dkt. 9, 22.) The Court conducted a status conference on July 28, 2011, regarding Ada County's motion and the proceedings that had occurred in state court, indicating an order would be forthcoming. Several discovery related motions were filed, and before the Court could issue an order regarding Ada County's motion, the Court was informed on November 8,

**MEMORANDUM DECISION AND ORDER - 3**

2011, that the case had been settled in its entirety. On November 14, 2011, the Court granted the parties' stipulation of dismissal, and concurrently deemed the Motion to Quash moot, without prejudice to renew the motions upon request. (Dkt. 47.)

On November 14, 2011, Ada County filed a motion seeking to renew its motion, which the Court granted by reinstating the motion and reopening the case. (Dkt. 51.) WBS filed a brief in opposition to the reopening of the case, arguing that the motion was moot now that the case had been settled. (Dkt. 52.) Ada County replied, arguing that it was not seeking costs of production for future discovery, but costs that already had been expended, and therefore the motion was not moot. (Dkt. 56.) WBS represents that, after it filed its motion to quash, Ada County has not produced any documents in response to the Renewed Subpoena.

According to the record, Ada County conducted a database search spanning March 1, 2009, through August 31, 2009, to comply with the Renewed Subpoena. The search produced 1,056 e-mails. After attorney review, forty-four e-mails were determined to be responsive and not protected from production or disclosure by privilege. The forty-four e-mails were sent to WBS on a compact disk on January 11, 2011. Ada County represented that, to conduct this search, its attorneys spent 59.24 hours for a cost of $8,293.60 at an hourly billing rate of $140 per hour.[3] Ada County further represented that its IT Department spent 77.5 hours on the project for a total cost of $3,487.50, an additional

---

[3] Ada County's attorney fees include the following: (1) attorney time spent reviewing and redacting physical documents; (2) attorney time spent reviewing and producing the responsive e-mails between March 1, 2009 and August 31, 2009; (3) attorney time that will be spent reviewing the results of the modified search; (4) attorney time spent opposing WBS's Renewed Subpoena; (5) attorney time spent opposing WBS's motion for nonsummary contempt proceeding; (6) attorney time spent communicating with its client and WBS counsel; and (7) attorney time spent on the supplemental briefing.

**MEMORANDUM DECISION AND ORDER - 4**

$292.50 for another project related to the search, and incurred data storage costs in the amount of $1,994.75. (Mem. in Support of Mtn to Dismiss at 5—6, Dkt. 1.) Thus, Ada County asserts it expended costs in the amount of $14,068.35 to comply with the subpoena prior to filing the motion to quash and conducting an additional search.[4] Ada County sought to condition further compliance with the subpoena on the advancement of additional costs estimated to continue its search, which it estimated at roughly $13,790.00. Total costs in the amount of $28,036.10 were sought.

## DISPOSITION

**1.    Mootness**

WBS asserts two arguments in support of its contention that the Motion and the underlying subpoena it seeks to quash are moot. First, WBS asserts that, upon removal, the Renewed Subpoena became null and ineffective, and therefore the Motion is moot. Second, WBS contends that the settlement and dismissal of this action render the Motion moot, because there is no longer a pending proceeding within which to conduct discovery.

WBS's arguments ignore the order issued by the state district court. On February 22, 2011, prior to removal to this Court, the state district court granted Ada County's

---

[4] It is difficult to discern what costs Ada County claimed as a result of its first search. Various affidavits and briefs represented the numbers differently. The Court reviewed the Second Affidavit of Jana Gomez and the Second Affidavit of Doug Heikkila, which appear to contain the total costs directly related to the search for e-mails spanning March 1, 2009, through August 31, 2009, which search resulted in production of 44 responsive e-mails to WBS. The monetary amounts were represented much differently in Ada County's Supplemental Memorandum, filed on March 1, 2011, and appear to contain costs incurred up through March 1, 2011, unrelated to the actual search costs reflected in the Affidavits mentioned previously. In both iterations, the costs were not broken down by the task performed per hour; rather, costs were represented as a lump sum.

**MEMORANDUM DECISION AND ORDER - 5**

motion to modify the scope of the subpoena. (Transcript at 24-27, Dkt. 23-1.) The court modified the existing scope of the Renewed Subpoena to limit the records search to certain departments. Further, the court determined that a "reasonable cost of compliance is appropriate," and then set the matter for further briefing and an oral argument concerning the cost of compliance. The hearing was conducted on March 3, 2011. Thus, the state district court ruled on Ada County's Motion, and held that Ada County was entitled to its reasonable costs of production, subject to a later determination by the court of what those costs were.

Second, Ada County represents that it seeks only the costs of production incurred to run the search and produce the responsive emails to WBS prior to Ada County's filing of the Motion. These events have already occurred, and Judge Hansen previously ruled Ada County is entitled to its reasonable costs of production. Despite not being a written order, this Court is bound to enforce the orders entered in the state proceedings. *See* 28 U.S.C. § 1738 (federal courts must afford full faith and credit to state judicial proceedings). Thus, while future compliance with the Renewed Subpoena is moot given that this matter has settled,[5] Ada County's compliance with the subpoena prior to Judge Hansen's ruling, and Judge Hansen's order that Ada County is entitled to its reasonable costs of production subject to a determination of what those costs are, is not moot to the extent the order covers costs already incurred. *See See Jenkins v. Commonwealth Land*

---

[5] Ada County agrees in its Reply Brief that the Renewed Subpoena became null and ineffective upon removal, but that the state court's order requiring the payment of reasonable costs of production subject to a further hearing concerning those costs was not moot. (Dkt. 56.) This Court agrees. Thus, to the extent WBS contends that the Court should not have granted Ada County's motion to re-open, this Court declines to revisit its order reopening this matter to consider the motion to renew and the Motion.

**MEMORANDUM DECISION AND ORDER - 6**

*Title Ins. Co.*, 95 F.3d 791, 795 (9th Cir. 1996) ("The longstanding principle is that '[a]fter removal, the federal court takes the case up where the State court left it off.'"); *Resolution Trust Corp. v. Bayside Developers*, 43 F.3d 1230, 1238 (9th Cir. 1994) ("[I]mmediately after removal the district court would adopt the state court judgment as its own."); *Butner v. Neustadter*, 324 F.2d 783, 785-86 (9th Cir. 1963) ("The federal court takes the case as it finds it on removal and treats everything that occurred in the state court as if it had taken place in federal court.").

Accordingly, this Court must determine, based upon the materials submitted to the state court, what constitutes "reasonable costs of production." That the matter has settled between the litigants is immaterial to the issue before the Court given Ada County is seeking costs for production that already occurred.[6] The issue of the costs incurred for compliance with the subpoena prior to removal is a legally cognizable interest for which a remedy may be granted, and is, therefore, not moot.

**2.    Costs of Production**

WBS argues that attorney fees are not "costs" within the meaning of Rule 45(d), given that the Idaho rules of civil procedure define costs in other rules exclusive of attorney fees. With respect to IT labor fees, WBS similarly argues that such fees are not "costs" within the meaning of the rule because they are costs expended for labor, and not true "costs" spent incident to producing documents. WBS therefore contends Ada County's costs should be limited to the cost of paper and the cost of the compact disk

---

[6] This Court may consider motions to quash filed pursuant to Fed. R. Civ. P. 45(a)(c)(3) independently of the underlying case. *See, e.g., Asarco LLC v. Southern Peru Holdings LLC*, Case No. 1:07-mc-06289-EJL-MHW (considering a motion to quash a subpoena independent of the underlying action, which was filed in Texas district court).

**MEMORANDUM DECISION AND ORDER - 7**

upon which the e-mails were produced. WBS relies primarily upon a case from Tennessee, *Delozier v. First Nat'l Bank of Gatlinburg*, 109 F.R.D. 161, 164 (E.D. Tenn. 1986).

Ada County, on the other hand, argues that the phrase "cost of production" is more expansive than just hard costs, and should reflect the efforts of a third party to actually "bring forth" the information requested. As such, Ada County argues that its attorneys' fees and IT labor fees are "costs" contemplated by the Rule, given that these labor hours were required to search for, review, and then produce the subpoenaed information. Further, Ada County notes that Idaho R. Civ. P. 45(b)(2) delineates that the party serving the subpoena shall pay the "reasonable cost of producing or copying the documents, electronically stored information or tangible things," and if WBS's argument were accepted, the second part of the rule, which includes "copying," would be rendered superfluous. Ada County relies upon several Ninth Circuit authorities in support of its argument.

Idaho Rule of Civil Procedure 45(b)(2) states that, when a subpoena commands a person who is not a party to produce documents or electronically stored information, the party serving the subpoena "shall pay the reasonable cost of producing or copying the documents, electronically stored information or tangible things." Idaho R. Civ. P. 45(b)(2). The Rule further provides that the court may:

> (1) quash or modify the subpoena if it is unreasonable, oppressive, fails to allow time for compliance, requires disclosure of privileged or other protected matter and no exception or waiver applies, or subjects a person to undue burden or (2) condition compliance with the subpoena upon the advancement of the reasonable *cost of producing* the books, papers,

**MEMORANDUM DECISION AND ORDER - 8**

>documents, electronically stored information or tangible things by the person in whose behalf the subpoena is issued.

Idaho R. Civ. P. 45(d) (emphasis added).

Idaho courts have not specifically answered the question presented here in a published opinion. However, the issue appears to be one of judicial discretion. Idaho R. Civ. P. 45(e)(1), although referring to witness fees and expenses, refers the court to Idaho R. Civ. P. 54(d)(1), which delineates "costs" allowed to be claimed by a prevailing party. Within Rule 54(d)(1), the court is permitted to allow "discretionary costs," which should, in the interests of justice, be assessed. In addition, the court in *R.E.W. Const. Co. v. Dist. Court of Third Judicial Dist.*, 400 P.2d 390, 442 (Idaho 1965) commented that the "rules of civil procedure shall be liberally construed to secure the just, speedy and inexpensive determination of every action and proceeding." The court concluded that, when the use of discovery procedures such as Idaho R. Civ. P. 45(d)(1) become "unreasonably oppressive and onerous it becomes the duty of the court and counsel immediately to activate the safeguards to avoid unjust results." *R.E.W. Const. Co.*, 400 P.2d at 443. Moreover, e-discovery is an entirely different type of discovery from traditional paper discovery, primarily because of the increased cost of production. *See* Kevin A. Griffiths, THE EXPENSE OF UNCERTAINTY: HOW A LACK OF CLEAR E-DISCOVERY STANDARDS PUT ATTORNEYS AND CLIENTS IN JEOPARDY, 45 Idaho L. Rev. 441 (2009) (discussing the issues with e-discovery and limitations of the Idaho Rules of Civil Procedure).

**MEMORANDUM DECISION AND ORDER - 9**

Looking to the federal rule for guidance, Fed. R. Civ. P. 45(c)(1)[7] states that a party or attorney responsible for issuing a subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply." Further, Fed. R. Civ. P. 26(c), covering protective orders, authorizes the Court to make "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Courts interpreting the interplay between Fed. R. Civ. P. 45 and 26 have deemed the matter to be one of discretion, dependent upon the necessities of a particular case and contoured to achieve the overarching purpose of the procedural rules, which is to secure the "just, speedy and inexpensive determination of every action." *See U.S. v. Columbia Broadcasting Sys., Inc.*, 666 F.2d 364, 369 (9th Cir. 1982) (considering attorney fees as a discovery related cost); *see also Unigard Security Ins. Co. v. Lakewood Eng. Mfg. Corp.*, 982 F.2d 363, 368 (9th Cir. 1992) (discovery misconduct may be punished under the court's inherent powers to manage its affairs). Further, a witness's nonparty status is an important factor to be considered in determining whether to allocate discovery costs on the demanding party, considering nonparty witnesses are "powerless to control the scope of litigation and discovery." *Columbia Broadcasting Sys., Inc.*, 666 F.2d at 371—72.

---

[7] WBS argues that once this matter was removed, the Federal Rules of Civil Procedure govern the proceedings. The Court in this instance declines to decide the issue based upon one or the other set of rules, given the state court's order and the discovery related to it fell within the auspices of the Idaho Rules of Civil Procedure. However, the Federal Rules do provide guidance.

**MEMORANDUM DECISION AND ORDER - 10**

Thus, under both the state and federal rules, the issue is one of judicial discretion balanced against the reasonableness of the fees claimed. With respect to the specific types of costs requested, courts have awarded IT labor costs required to convert data and enable its physical production, *Jardin v. DATAllegro, Inc.*, 2011 WL 4835742 *9 (S.D. Cal. 2011); and attorney fees and paralegal fees incurred to produce documents, *Columbia Broadcasting Sys., Inc.*, 666 F.2d at 366—67 (considering Rule 45(b)(2) as allowing for all costs of production documented by legal team involved); *Chevron Corp. v. Salazar*, 2011 WL 7112979 *4 (D. Or. 2011) (awarding attorney fees when much of production involved review of documents for privilege).[8] Courts may likewise fashion relief mindful of the serious and legitimate concern that government employee resources "not be commandeered into service by private litigants to the detriment of the smooth functioning of government." *Exxon Shipping Co. v. U.S. Dept. of Interior*, 34 F.3d 774, 779 (9th Cir. 1994).

Judge Hansen previously found that WBS's conduct in refusing to limit the email search was unreasonable, and that Ada County conducted its search within the scope of the broad subpoena issued by WBS. (Tr. at 25, Dkt. 23-1 at 9.) He held that a reasonable cost of compliance was appropriate. (Tr. at 26-27, Dkt. 23-1 at 9.) This Court is similarly minded. However, WBS appropriately raised the issue that, at the time of the continued hearing on March 3, 2011, sixty of the ninety hours of attorney time claimed up to that

---

[8] The Court finds *Delozier*, cited by WBS, inapplicable on its facts. The issue of the costs of production arose in the context of a dispute between parties to the underlying lawsuit, not non-parties. 109 F.R.D. at 164. The Ninth Circuit Court of Appeals has indicated a different set of factors applies when the request is directed at non-parties, such as the scope of the request, the invasiveness, the need to separate privileged material, the non-party's financial interest in the litigation, the relative resources of the party and the non-party, the reasonableness of the costs sought, and the litigation's public importance. *Tessera, Inc. v. Micron Technology, Inc.*, 2006 WL 733498 *10 (N.D. Cal. 2006).

**MEMORANDUM DECISION AND ORDER - 11**

date were spent preparing and defending various discovery motions. (Tr. at 51, Dkt. 23-2 at 5.)[9] Although no detailed accounting was provided to this Court, such attorney time does not appear to be a "cost of production," considering the fees spent to argue motions did not involve the actual production of the documents.

But legal review necessary to separate privileged material is a cost of production. Without such review time, no documents could have been produced. Similarly, the IT department time spent programming the search and the data storage costs are costs of production considering the particularly expansive search request. However, the $292.50 on "other projects" related to the search does not appear reasonable without further explanation. Ada County does not describe how this "other project" fostered production of the e-mails WBS requested. Therefore, the Court finds that the data storage costs of $1,994.75, IT department time of 77.5 hours for a cost of $3,487.50, and attorney time limited to time actually spent reviewing the 1,056 emails for the 44 responsive to the request, are costs of production and within the Court's discretion to award under either the state or federal rules.

The Court's order is limited, however, to the costs related solely to conducting the database search spanning March 1, 2009, through August 31, 2009, to comply with the Renewed Subpoena, prior to filing the motion to quash. These are, according to the record, the only costs related to documents actually produced before the case was removed, and the litigation settled. The Court has not been made aware that any further e-

---

[9] Ada County provided a detailed accounting of its billing to WBS. (Tr. at 50, Dkt. 23-2 at 5.) The accounting is not before this Court, nor did it appear to have been filed in the state court proceedings.

**MEMORANDUM DECISION AND ORDER - 12**

mails were actually produced, and therefore costs associated with searching for those documents are not reasonable, nor are they a "cost of production" absent actual production.

The Court expects that the parties can review the pertinent billing records and come to an understanding of these costs in the event the costs delineated above are not within the scope of the Court's order. If the parties are unable to do so, Ada County may submit its billing records to the Court for further review, subject to an award of reasonable attorney fees for such preparation assessed against WBS.

## CONCLUSION

Prior to removal, Ada County's Motion to Quash or, in the Alternative, to Modify and Condition Compliance, had been granted subject to the state court's determination of a reasonable award of the "costs of production." This Court, therefore, only decided the later question considering the matter had been removed after the hearing, but prior to that determination being made. However, the matter settled, and the Court is unaware that anything more than the 44 emails were actually produced. Thus, to the extent the motion sought reimbursement of the reasonable cost of production for documents actually produced, the motion is granted, while it is denied to the extent the state court was considering future costs of production. Should the parties require further review of Ada County's billing records, Ada County may submit those amounts in a form consistent with Dist. Idaho L. Rule 54.2(b).

**ORDER**

**NOW THEREFORE IT IS HEREBY ORDERED:**

Motion to Quash or, in the Alternative, to Modify and Condition Compliance (Dkt. 33) is **GRANTED IN PART AND DENIED IN PART**.

Dated: **September 24, 2012**

Honorable Candy W. Dale
United States Magistrate Judge

MEMORANDUM DECISION AND ORDER - 14